JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, Donald Hughes, appeals his conviction for aggravated theft from the Cuyahoga County Court of Common Pleas. For the reasons stated herein, we affirm the judgment of the trial court.
 {¶ 2} Hughes was indicted on one count of theft, in violation of R.C. 2913.02(A)(3), a felony of the fifth degree. The value of the goods was specified as more than $500 but less than $5,000. Hughes entered a plea of not guilty, and the matter proceeded to a bench trial.
 {¶ 3} The testimony at trial established that Hughes was the owner of a pizza business known as "Fat Billy's" on Turney Road. Hughes decided to liquidate the store and advertised a three-day auction.
 {¶ 4} The victim went to the auction to purchase items for a pizza shop she planned to open. She testified that she agreed to pay $1,500 for an oven plus $700 for miscellaneous items. She gave Hughes a postdated check for $2,200 for the purchase of the items. There was no written agreement between the parties.
 {¶ 5} The victim informed Hughes that she could get a pickup truck for the miscellaneous items but that the oven was too big for her to move. The victim testified that Hughes represented that he could store the oven for her for a storage fee. Later that day, the victim and her son-in-law returned with a pickup truck to obtain the miscellaneous items. The victim stated that in the days to follow, she kept in touch with Hughes about the status of things. Her check was also cashed. *Page 4 
 {¶ 6} During the following week, the victim was unable to reach Hughes, and her voicemail messages went unreturned. She never heard from Hughes, and her money was never returned.
 {¶ 7} The victim's brother testified that he went with the victim when she purchased the items at Fat Billy's. He stated that his sister wrote Hughes a check for $2,200 for some equipment, which included the pizza oven for $1,500.
 {¶ 8} Timothy Robejsek testified that he is the owner of another pizza shop. He went to the Fat Billy's closing and was interested in a couple of the ovens. He stated that he saw the victim at the store and saw her write a check for one of the ovens he had contemplated buying. He stated that Hughes told him that the cost of that particular oven was $1,500. Mr. Robejsek paid Hughes $700 for two computers and a stove. He testified he took the computers, but was out the stove.
 {¶ 9} Officer Paul Norman testified that during his investigation, he was unable to locate Hughes. He also left a message for Hughes, but Hughes never called him back. He confirmed that the victim's check had been cashed.
 {¶ 10} Hughes testified that the pizza oven was worth $15,000 and that he offered it to the victim for $2,500. He claimed that the $2,200 check the victim provided was for the other items she purchased. He further stated that the victim was unaware that she was going to need a hood for the oven, and that she later wanted to back out of the deal. Hughes claimed that all sales were final. He stated that he placed the oven into storage, but the victim never picked it up or paid him for it. He eventually sold the oven to someone else for $1,000. *Page 5 
 {¶ 11} Hughes made a Crim. R. 29 motion for acquittal at the conclusion of the state's case and again after he rested his case. The trial court denied the motion both times.
 {¶ 12} Upon the evidence presented, the trial court found Hughes guilty of theft as charged in the indictment. The trial court sentenced Hughes to one year of community control sanctions, and he was ordered to pay restitution to the victim in the amount of $1,500.
 {¶ 13} Hughes timely appealed the judgment of the trial court. He raises two assignments of error for our review. His first assignment of error provides as follows:
 {¶ 14} "I. The trial court erred when it failed to grant appellant's motion for judgment of acquittal pursuant to Crim. R. 29."
 {¶ 15} Crim. R. 29(A) governs motions for acquittal and provides for a judgment of acquittal "if the evidence is insufficient to sustain a conviction." In reviewing a sufficiency challenge, "`the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'"State v. Leonard, 104 Ohio St.3d 54, 67, 2004-Ohio-6235, quotingState v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 16} In this case, Hughes was charged with theft in violation of R.C. 2913.02(A)(3). The statute provides as follows: "No person with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways: * * * (3) By deception." *Page 6 
The indictment further specified that the value of the goods was more than $500 but less than $5,000.
 {¶ 17} Hughes argues that there was no written agreement between the parties and that the victim testified she had no idea what the pizza equipment was worth. He asserts that the evidence was insufficient to find him guilty of the theft charge. He also argues that the trial court made no finding as to the value of the items that were the subject of the theft.
 {¶ 18} Our review of the record reflects that the victim testified that she gave Hughes a check for $2,200 for the equipment she purchased, which included a $1,500 oven that she never received. There was also evidence that Hughes cashed the victim's check, did not return calls to the victim, and eventually sold the oven to someone else. Both the victim and Mr. Robejsek testified that Hughes represented the value of the oven to be $1,500. The victim's brother also corroborated her testimony that the oven was purchased for $1,500 and that she did not receive the oven.
 {¶ 19} In light of the above testimony, the trial court could reasonably have concluded that Hughes's testimony was not credible. Further, insofar as Hughes asserts that the value of the goods was not established, in addition to the above testimony from the state's witnesses, Hughes represented that he offered the $15,000 oven to the victim for $2,500, separate from the other items she purchased. He also testified that he ultimately sold the oven to someone else for $1,000. *Page 7 
 {¶ 20} Viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the charged offense were proved beyond a reasonable doubt, including that the value of the oven was more than $500 but less than $5,000. Because the evidence was sufficient to find Hughes guilty of the charged offense, Hughes's first assignment of error is overruled.
 {¶ 21} Hughes's second assignment of error provides as follows:
 {¶ 22} "II. The verdict was against the manifest weight of the evidence."
 {¶ 23} Under this assignment of error, Hughes states that the verdicts were against the manifest weight of the evidence. He incorporates the arguments made under his sufficiency challenge.
 {¶ 24} In reviewing a claim challenging the manifest weight of the evidence, the question to be answered is whether "there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt. In conducting this review, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Leonard, 104 Ohio St.3d at 68 (internal quotes and citations omitted). *Page 8 
 {¶ 25} Upon our review of the record, we find that there was substantial evidence upon which the trial court could reasonably conclude that all the elements of the offense were proved beyond a reasonable doubt. Evidence was presented that the victim purchased a pizza oven from Hughes for $1,500 and that she never received the oven. Corroborating testimony was presented to support her testimony. There was also evidence that Hughes evaded the victim's attempts to reach him and sold the oven to someone else. Upon the testimony presented, the trier of fact could reasonably conclude that the oven was among the items purchased by the victim, that the oven was purchased for $1,500, and that Hughes had no intention of providing the property to the victim. This court cannot say that the trial court clearly lost its way or created a manifest miscarriage of justice by finding appellant guilty of the charged offense. Hughes's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 9 
ANN DYKE, J., and JAMES J. SWEENEY, J., CONCUR *Page 1